IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SUN LIFE ASSURANCE COMPANY OF CANADA, One Sun Life Executive Park Wellesley Hills, MA  02481 | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CASE NO.  3:14-cv-41 |
| RICHARD E. JACKSON, 5960 North Rothmans Avenue Boise, ID  83713 | ) ) ) ) | |
| and | ) ) | |
| SIERRA N. JACKSON, individually and as personal representative of the ESTATE OF BRUCE D. JACKSON, 610 Michigan Street Troy, OH  45373 | ) ) ) ) ) ) | |
| Defendants. | ) | |

**COMPLAINT AND REQUEST FOR PRELIMINARY
AND PERMANENT INJUNCTION,
INTERPLEADER RELIEF,
AND DECLARATORY JUDGMENT**

Plaintiff, Sun Life Assurance Company of Canada ("Sun Life"), by counsel, for its Complaint against Defendants, alleges and states as follows:

### I.  PARTIES

1.  Plaintiff Sun Life is a fiduciary of an employee benefit plan sponsored by Samaritan Health Partners, which is an employee welfare benefit plan ("Plan") providing, among other things, life insurance benefits, and is governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, *et seq.* ("ERISA").

2. Sun Life is a Canadian corporation with its principal place of business in Toronto, Ontario and its principal U.S. place of business in the Commonwealth of Massachusetts.

3. Life insurance benefits under the Plan were funded, at least in part, by a group policy of life insurance issued by Sun Life ("Policy"). A true, correct, and complete copy of the Policy is attached hereto as Exhibit A.

4. Bruce D. Jackson was an employee of Samaritan Health Partners and a participant in the Plan. Bruce D. Jackson died on February 27, 2013. Bruce D. Jackson was a citizen of the State of Ohio.

5. Defendant, Richard E. Jackson, was the named beneficiary of Bruce D. Jackson at the time of his death. Richard E. Jackson is a citizen of the State of Idaho.

6. Defendant, Sierra N. Jackson, is the daughter of Bruce D. Jackson and is seeking life insurance benefits under the Plan. Sierra Jackson is a citizen of the State of Ohio.

7. Defendant, Sierra N. Jackson is also the personal representative of the Estate of Bruce D. Jackson and is considered a citizen of the State of Ohio pursuant to 28 U.S.C. §1332(c)(2).

## II. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to ERISA, 29 U.S.C. §§1132(a)(3) and 1132(e)(1) and federal question jurisdiction pursuant to 28 U.S.C. §1331.

9. Alternatively, this Court also has diversity of citizenship jurisdiction pursuant to 28 U.S.C. §1332. Plaintiff and Defendants are of diverse citizenship and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

10. Alternatively, this Court also has subject matter jurisdiction pursuant to 28 U.S.C. §1335 because this is an action for interpleader involving an amount of $500 or more in which there are two or more adverse claimants of diverse citizenship.

11. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 1132 (e)(2) because one or more of the Defendants resides in this District.

### III. FACTUAL ALLEGATIONS

12. At the time of Bruce D. Jackson's death, the amount of benefits payable to his beneficiary was $48,000.00 in basic life insurance and $191,000.00 in optional life insurance for a total of $239,000.00 in total life insurance benefits ("Plan Benefits").

13. At the time of Bruce D. Jackson's death, his named beneficiary as filed with Sun Life was Richard E. Jackson.

14. By virtue of the beneficiary designation, and in accordance with the terms of the Plan, Sun Life paid the Plan Benefits to Richard E. Jackson.

15. Sierra Jackson is making a claim for the Plan Benefits based on the allegation that a separation agreement filed in the Miami County, Ohio Common Pleas Court on January 13, 2006 between Bruce D. Jackson and Bridget L. Jackson ("Separation Agreement") allegedly required Bruce D. Jackson to name Sierra N. Jackson as his designated beneficiary of the Plan Benefits. A copy of correspondence from counsel for Sierra Jackson is attached hereto as Exhibit B.

16. The Separation Agreement provided in pertinent part that Bruce D. Jackson and Bridget L. Jackson "shall maintain, unencumbered, all employer-provided life insurance, now in existence at a reasonable cost, or later acquired at a reasonable cost, naming their minor child as primary beneficiary during her minority, and the obligation to do so shall continue until she (a)

3

reach(es) the age of eighteen (18) or graduates from high school, whichever occurs last; or (b) is otherwise emancipated, or (c) some other event occurs which relieves the parties of the obligation of child support, and provided, however, that the duty of child support shall not continue past the age of nineteen (19) . . . ." A copy of the Separation Agreement, as submitted to Bruce D. Jackson's employer by counsel for Sierra Jackson, is attached hereto as Exhibit C.

17. The Separation Agreement further required Bruce D. Jackson and Bridget L. Jackson to provide each other with annual proof "that said policy of life insurance remains in effect, unencumbered, with the parties' minor child as the primary beneficiary" and also authorized Bruce D. Jackson and Bridget L. Jackson to communicate with each other's insurer "to determine that the other party's policy of insurance remains in full force and effect as ordered herein."

18. Upon information and belief, neither party to the Separation Agreement contacted Sun Life to comply with their obligations under the Separation Agreement prior to Bruce D. Jackson's death.

19. Upon information and belief, neither party to the Separation Agreement submitted a copy of the Separation Agreement to Sun Life prior to Bruce D. Jackson's death.

20. The Separation Agreement also provided that "[t]he parties' minor child and the other party shall have a valid claim against the probate estate of a non-compliant party to the extent that this provision has not been fully obeyed."

21. The personal representative of the Estate of Bruce D. Jackson is named as a Defendant to plead as to its interest in the Plan Benefits, if any, and also for the reason that Sierra N. Jackson's sole remedy, if any, for Bruce D. Jackson's alleged violation of the Separation

Agreement is to make a claim against the Estate of Bruce D. Jackson, all pursuant to the terms of the Separation Agreement.

## COUNT I – INJUNCTIVE RELIEF

1-21. Plaintiff incorporates by reference its allegations in paragraphs 1-19.

22. If Sierra N. Jackson is correct and she is entitled to the Plan Benefits payable on the death of Bruce D. Jackson, then Richard E. Jackson would not be entitled to said benefits and Richard E. Jackson would be unjustly enriched if allowed to retain the Plan Benefits.

23. Unless Richard E. Jackson is enjoined from dissipating the Plan Benefits, Sun Life will suffer irreparable harm and damage for which there is no adequate remedy at law.

24. Sun Life brings this action as a fiduciary of the Plan pursuant to ERISA, 29 U.S.C. §1132(a)(3) to (a) enjoin an act or practice that violates ERISA or the terms of the Plan, and to (b) obtain other appropriate equitable relief to redress such violations and/or to enforce ERISA or the terms of the Plan and specifically, to enjoin Richard E. Jackson from dissipating the Plan Benefits and to order Richard E. Jackson to deposit the Plan Benefits with the registry of this Court pending a final determination as to which of the Defendants is entitled to the Plan Benefits.

25. Alternatively, if the Plan is not governed by ERISA, Plaintiff brings this action pursuant to Ohio state law to enjoin Richard E. Jackson from dissipating the Plan Benefits and to order Richard E. Jackson to deposit the Plan Benefits with the registry of this Court pending a final determination as to which of the Defendants is entitled to the Plan Benefits.

## COUNT II – DECLARATORY JUDGMENT

1-25. Plaintiff incorporates by reference its allegations in paragraphs 1-23.

26. Sun Life paid the Plan Benefits in accordance with the terms of the Plan.

27. Sierra N. Jackson contends that the Separation Agreement constitutes a qualified domestic relations order ("QDRO") under ERISA.

28. Whether the Separation Agreement is a QDRO and whether Sierra N, Jackson is entitled to recover Plan Benefits pursuant to the terms of the Separation Agreement are questions of law.

29. Sierra N. Jackson's last known address and/or Social Security number is not listed in Article IX (Life Insurance) of the Separation Agreement.

30. Sierra N. Jackson is not individually named as an alternate payee in Article IX (Life Insurance) of the Separation Agreement.

31. The Plan is not specifically listed by name, nor is the Plan Administrator identified, in the Separation Agreement.

32. No specific dollar amount or percentage of benefits is identified in Article IX (Life Insurance) of the Separation Agreement.

33. Article IX (Life Insurance) of the Separation Agreement contains a self-monitoring provision, providing that each party to the Separation Agreement will provide annual proof that the "policy of life insurance remains in effect, unencumbered, with the parties' minor child as the primary beneficiary" and authorizing both parties to the Separation Agreement "to communicate with any insurance company or other personnel, as necessary, to determine that the other party's policy of insurance remains in full force and effect as ordered herein."

34. Upon information and belief, neither party to the Separation Agreement contacted Sun Life to comply with their obligations under the Separation Agreement.

35. Article IX (Life Insurance) of the Separation Agreement contains a remedy provision, providing that "[t]he parties' minor child and the other party shall have a valid claim against the

6

probate estate of a non-compliant party to the extent that this provision has not been fully obeyed."

36. There is an actual controversy within the jurisdiction of this Court as to the proper recipient of the Plan Benefits.

37. Pursuant to 28 U.S.C. §2201 and 2202, Sun Life seeks a declaration by the Court as to the proper recipient of the Plan Benefits.

## COUNT III – INTERPLEADER RELIEF

1-37. Plaintiff incorporates by reference its allegations in paragraphs 1-26.

38. Plaintiff brings this action as a claim for interpleader relief pursuant to Fed.R.Civ.P. 22 and 28 U.S.C. §1335.

39. Sun Life claims no beneficial interest in the Plan Benefits, except for the recovery of its reasonable attorneys' fees and costs incurred in bringing this action for interpleader.

40. In light of the conflicting claims for Plan Benefits between Sierra N. Jackson and Richard E. Jackson, Sun Life cannot determine the proper recipient of the Plan Benefits without assuming the responsibility of determining doubtful questions of fact and law, and without incurring the risk of being subject to costs and expenses in defending itself in multiple suits or the possibility of multiple payments of the amount due.

**WHEREFORE**, Plaintiff, Sun Life Assurance Company of Canada, respectfully requests relief as follows:

a. A preliminary and permanent injunction prohibiting Richard E. Jackson from dissipating any Plan Benefits paid to him by virtue of the death of Bruce D. Jackson and requiring Richard E. Jackson to pay said Plan Benefits into the registry of this Court pending a determination of the proper recipient of said funds;

b. Restitution, reimbursement, and/or an order enforcing an equitable lien by agreement as to all Plan Benefits paid to Richard E. Jackson pending a determination of the rightful recipient of the Plan Benefits;

c. An order declaring the rightful recipient of the Plan Benefits;

d. An order enjoining and restraining Defendants from instituting or prosecuting any action or proceeding in any State or United States court against Sun Life, its related entities, and the Plan, for the recovery of the Plan Benefits;

e. An order dismissing Sun Life with prejudice from this action, and discharging Sun Life and the Plan from any further liability upon payment of the Plan Benefits into the Registry of this Court;

f. An order permitting Sun Life to recover its costs and attorney's fees in connection with this action; and

g. An order for such other and further relief as this Court deems just and proper.

Respectfully submitted,

*s/ Robert C. Petrulis*
Robert C. Petrulis, OH #0040947
Amanda T. Quan, OH #0086623
127 Public Square
4130 Key Tower
Cleveland, OH  44114
216.241.6100
216.357.4733 facsimile
robert.petrulis@ogletreedeakins.com
amanda.quan@ogletreedeakins.com

*Attorneys for Plaintiff*

17058597.1Sun