# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

SUN LIFE ASSURANCE COMPANY
 OF CANADA,

       Plaintiff,  :  Case No. 3:14-cv-041

                District Judge Walter Herbert Rice
 - vs -            Magistrate Judge Michael R. Merz

RICHARD E. JACKSON, et al.,

       Defendants.  :

## REPORT AND RECOMMENDATIONS

   This ERISA case has been referred (Doc. No. 43) to the Magistrate Judge for the sole purpose of rendering a report and recommendations on the Request for Time Extension for Response by Defendant Richard E. Jackson (Doc. No. 42).

   Mr. Jackson adverts to the Decision and Entry of February 9, 2015 (Doc. No. 40). In it Judge Rice granted Sierra Jackson's Motion for Discovery Outside the Record (Doc. No. 22), denied Richard Jackson's "Requests for Discovery" (Doc. Nos. 30, 31, 33, 35, and 36), and ordered the parties to file simultaneous memoranda on Sun Life's interpleader claim not later than March 11, 2015 (Doc. No. 40, PageID 663-64.)  The Decision also provides that "Richard E. Jackson is entitled to fully participate in the limited discovery described above." *Id.*  at PageID 663.

1

Richard Jackson's request is for "a 30 day extension of the date for submission of my response." (Doc. No. 42, PageID 669).  Assuming Mr. Jackson's request is for an additional thirty days to file a memorandum on the interpleader claim, the request may be moot since Sun Life has now moved to dismiss that claim voluntarily (Doc. No. 41).  Sierra Jackson's counsel apparently agree that the issue is moot as they have not opposed the motion to dismiss nor filed any memorandum on the interpleader claim.

Mr. Jackson's request may be for something else as he refers to "participating in the limited discovery of evidence outside the administrative record" which the Decision says he may do.  It is unclear from the Decision and Entry what discovery Sierra Jackson contemplates.  If it is a request for documents or propounding interrogatories, then Mr. Jackson is entitled to see the results of that discovery, without making any further "response."  If oral depositions are intended and the depositions are set, Mr. Jackson would have the option, presumably, of being present or of paying for a copy of the transcript.  But again no "response" is called for.

Finally, the Magistrate Judge notes that Mr. Jackson's letter is dated February 23, 2015, and he attaches a certificate of service which claims it was mailed on February 23, 2015. However, the document was not received by the Clerk until March 16, 2015, three weeks later. This causes the Magistrate Judge to doubt the veracity of the certificate of service.

For all of these reasons, it is respectfully recommended that Mr. Jackson's Request for Extension of Time be DENIED.

March 19, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).