IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SUN LIFE ASSURANCE                    :
COMPANY OF CANADA,

        Plaintiff,                       :      Case No. 3:14-cv-41

    v.                                :      JUDGE WALTER H. RICE

RICHARD E. JACKSON, *et al.*,

        Defendants.                      :

---

ENTRY SUSTAINING PLAINTIFF SUN LIFE ASSURANCE COMPANY
OF CANADA'S MOTION TO STAY EXECUTION OF PAYMENT
OBLIGATION PURSUANT TO COURT ORDER DATED AUGUST 5,
2016 (DOC. #76); SUN LIFE'S PAYMENT OBLIGATION TO
DEFENDANT SIERRA N. JACKSON AND ITS EQUITABLE
REIMBURSEMENT CLAIM AGAINST DEFENDANT RICHARD E.
JACKSON ARE STAYED PENDING EXHAUSTION OF ALL AVENUES
OF APPEAL BY SUN LIFE; SUN LIFE SHALL POST SUPERSEDEAS
BOND IN THE AMOUNT SET FORTH BELOW UPON FILING NOTICE
OF APPEAL; PURSUANT TO RULE 54(b), JUDGMENT SHALL ENTER
IN FAVOR OF SIERRA JACKSON AND AGAINST SUN LIFE AND
RICHARD JACKSON AS TO SIERRA JACKSON'S CLAIMS FOR
DECLARATORY RELIEF AND RECOVERY OF BENEFITS, SHALL
ENTER IN FAVOR OF SUN LIFE AND AGAINST SIERRA JACKSON AS
TO SIERRA JACKSON'S CLAIM FOR CIVIL PENALTIES, AND SHALL
ENTER IN FAVOR OF SUN LIFE AND AGAINST RICHARD JACKSON
AS TO SUN LIFE'S CLAIM FOR INJUNCTIVE RELIEF; SIERRA
JACKSON MAY, WITHIN THIRTY (30) DAYS OF JUDGMENT BEING
ENTERED, MOVE FOR AWARDS OF PREJUDGMENT INTEREST AND
ATTORNEY FEES; TERMINATION ENTRY

---

In an August 5, 2016, Decision and Entry, the Court found that Defendant Sierra

N. Jackson ("Sierra") was the proper payee of an insurance policy managed by Plaintiff

Sun Life Assurance Company of Canada ("Sun Life"), the proceeds of which Sun Life

had paid to Defendant Richard E. Jackson ("Richard").  Doc. #66.  Sierra's motion for

judgment was overruled, however, as to her claim for civil penalties against Sun Life. *Id.*, PAGEID #1094. The Court also found that Sun Life was entitled to injunctive relief against Richard. The Court ordered Sun Life to remit the policy proceeds, plus interest, to Sierra within ninety (90) days of the Entry, but did not order entry of judgment, because Sun Life's equitable reimbursement claim against Richard under 29 U.S.C. § 1132(a)(3) remained pending. *Id.*, PAGEID #1095-96.

Sun Life intends to appeal the Court's August 6, 2016, decision as to the Court's finding that Sierra is the proper payee and its ordering of Sun Life to remit the policy proceeds to Sierra, pending entry of final judgment in favor of Sierra and against Sun Life and Richard to that effect. Sun Life moves that its obligation to remit be stayed pending exhaustion of all possible avenues of appeal. Doc. #76, PAGEID #1129. Sun Life further moves that the Court stay its pending equitable claim against Richard, arguing that "it is entirely secondary to the issue of whether additional funds are owed to Defendant Sierra N. Jackson." *Id.* As there would be no need to pursue its equitable claim against Richard if he were ultimately found to be the proper payee, Sun Life argues that staying the matter pending "exhaustion of all available avenues of appeal[] preserves valuable resources and is in the interest of judicial economy." *Id.*, PAGEID #1130. While Richard filed no response to Sun Life's motion, Sierra responded on November 29, 2016, stating that she "has no objection to the relief sought by [Sun Life]." Doc. #78, PAGEID #1137.

The Court, finding good cause shown, SUSTAINS the Motion to Stay Execution of Payment Obligation Pursuant to Court Order Dated August 5, 2016. Doc. #76. Sun Life's payment obligation to Sierra and equitable reimbursement claim against Richard

are STAYED pending exhaustion of all avenues of appeal by Sun Life. Pursuant to Rule 62(d), Sun Life must post a supersedeas bond upon filing its notice of appeal, in the amount of two hundred thirty-nine thousand dollars ($239,000.00), plus costs and post-judgment interest. Doc. #66, ¶ 9, PAGEID #1095.

Pursuant to Rule 54(b) and the above reasoning, the Court, finding no just reason for delay, orders judgment to enter in favor in favor of Sierra and against Sun Life and Richard as to Sierra's claims for declaratory relief and recovery of benefits. Further, judgment shall enter in favor of Sun Life and against Sierra as to Sierra's claim against Sun Life for civil penalties. Also, judgment shall enter in favor of Sun Life and against Richard as to Sun Life's claim for injunctive relief. Finally, pursuant to the Court's August 5, 2016, Entry, Sierra's attorney may, within thirty (30) days of judgment being entered, submit a motion for awards of prejudgment interest and attorney fees, along with a supporting lodestar calculation for the latter.[1]

Date: January 12, 2017

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

---

[1] On October 27, 2016, Richard filed a Response to Court Order for Richard E. Jackson's Response to Interrogatories and Requests for Production of Documents ("Response"), in regards to the Court ordering Richard to respond to Sun Life's discovery requests. Doc. #75 (citing Doc. #72). The staying of Sun Life's equitable claim against Richard means that his obligation to respond to Sun Life's discovery requests is also stayed, and his Response is moot.

3